IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK EUGENE LAMB III,

    Plaintiff,

v.                                                  No. 1:23-cv-00294-WJ-JMR

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Plaintiff, who is proceeding *pro se*, alleges:

    On 08/24/2022 The Federal Bureau of Investigation released information on the Plaintiffs' [sic] (Frank Eugene Lamb III) Identity History Summary/Rap Sheet that did not exactly match The State of New Mexico Department of Public Safety records. Where state charges were conditional discharge were intentionally misrepresented as a deferred adjudicated falsely representing the charge as a conviction.
....
    The Defendant has repeatedly and intentionally shown malicious intent by falsifying the Plaintiff's criminal background check, their repeated violations have been with the intent of defamation of character and to harass and intimidate the Plaintiff ... This ... is in retaliation to previous suits against the defendant for falsification of the same records.

Complaint at 2, Doc. 1, filed April 5, 2023. Although the caption of the Complaint indicates that the Federal Bureau of Investigation ("FBI") is the only defendant, other parts of the Complaint indicate Plaintiff is asserting claims against other individuals, presumably FBI employees. *See* Complaint at 5-6 (asserting tort claims against "All Defendants").

    Plaintiff asserts claims pursuant to various federal statutes, for intentional infliction of emotional distress and negligence, and pursuant to 42 U.S.C. § 1983. The Court construes the claims pursuant to Section 1983, which applies to state actors, as asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971),

because the individual Defendants appear to be federal actors. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff that the Complaint fails to state a claim:

(i) because it contains mostly conclusory allegations such as Defendant violated Plaintiff's due process rights, retaliated against Plaintiff, engaged in outrageous conduct, and failed to properly screen, hire, train, supervise and discipline its employees. *See* Order for Amended Complaint at 3, Doc. 6, filed April 14, 2023 ("Order") (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based)).

(ii) pursuant to the Federal Tort Claims Act because "[t]he United States is the only proper defendant in a federal tort claims action" and Plaintiff has not named the United States as a Defendant." *See* Order at 3-4 (ordering that the amended complaint must contain allegations that show Plaintiff has exhausted his administrative remedies).

(iii) pursuant to *Bivens* against: (a) against the FBI because a "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies," Order at 4 (quoting) *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); and (b) against the individual FBI employee defendants pursuant to *Bivens* because it does not state what each employee did to Plaintiff. Order at 5 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)

        ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).

(iv)    pursuant to 28 U.S.C. § 2680, Exceptions, because that statute states the Federal Tort Claims Act Order does not apply to various types of claims. *See* Order at 5.

(v)    pursuant to 44 U.S.C. § 3101 because Section 3101 of the Federal Records Act "does not contain an express or implied private right of action." Order at 5-6.

(vi)    pursuant to 18 U.S.C. § 1519, Destruction, alteration, or falsification of records in Federal investigations and bankruptcy, and 18 U.S.C. § 287, False, fictitious or fraudulent claims because Sections 1519 and 287 are criminal statutes and "criminal statutes do not provide for private civil causes of action." Order at 6 (quoting *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003).

    Judge Rozzoni ordered Plaintiff to file an amended complaint within 21 days, by May 5, 2023. *See* Doc. 6, filed April 14, 2023. Judge Rozzoni later granted Plaintiff's motion for an additional twenty-one days to file his amended complaint and ordered Plaintiff to file an amended complaint by May 26, 2023. *See* Doc. 9, filed May 1, 2023. Plaintiff subsequently requested an additional 21 days to file his amended complaint "[d]ue to complications and circumstance beyond the plaintiff's control." Doc. 10, filed May 24, 2023 ("Second Motion for Extension of Time"). Judge Rozzoni granted Plaintiff's Second Motion for Extension of Time and notified Plaintiff that "No additional extensions of time to file an amended complaint will be granted in the absence of extraordinary circumstances." Order, Doc. 11, filed May 25, 2023 (notifying Plaintiff that his amended complaint is due June 16, 2023). Plaintiff subsequently

filed a Motion seeking a third extension of time which states in its entirety: "The plaintiff Frank Eugene Lamb III request[s] an additional twenty-one days for the review of the suit and documents including **TORT** claims and for modifications to be written accordingly." Motion for Extension of Time, Doc. 12, filed June 13, 2023 (emphasis in original). Judge Rozzoni denied Plaintiff's Third Motion for an extension of time because it did not describe any extraordinary circumstances justifying a third extension of time. *See* Order, Doc. 13, filed June 15, 2023 (notifying Plaintiff that his amended complaint remains due June 16, 2023). Plaintiff did not file an amended complaint by the June 16, 2023, deadline.

The Court dismisses this case because: (i) the Complaint fails to state a claim upon which relief can be granted; and (ii) Plaintiff did not file an amended complaint as ordered by Judge Rozzoni.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**